1  LAWRENCE BREWSTER, Regional Solicitor
   DANIELLE L. JABERG, Counsel for ERISA
2  **CHERYL L. ADAMS, Trial Attorney**
   California State Bar No. 208244
3  United States Department of Labor
   90 7th Street, Suite 3-700
4  San Francisco, California 94103

5  Telephone:  (415) 625-7759
   Facsimile:  (415) 625-7772
6
   Attorneys for the Plaintiff
7  ELAINE L. CHAO, SECRETARY OF LABOR          `*E-FILED - 3/13/08*`
   UNITED STATES DEPARTMENT OF LABOR
8
9              THE UNITED STATES DISTRICT COURT FOR THE

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  ELAINE L. CHAO,                    ) Civil Action
    Secretary of Labor,                ) File No. 06-7822-RMW (xPVT)
14  United States Department of Labor, )
                                       )
15                  Plaintiff,         )
                                       )
16              v.                     )
                                       ) **CONSENT JUDGMENT & ORDER**
17  ULTRACARD INC. a Nevada            )
    corporation; DANIEL KEHOE, an      )
18  individual; and ULTRACARD INC.     )
19  401(k) PLAN, an employee pension   )
    benefit plan,                      )
20                                     )
                                       )
21                  Defendants.        )
                                       )
22  _____)

23       Plaintiff ELAINE L. CHAO, Secretary of Labor, United States

24  Department of Labor ("Secretary") pursuant to her authority

25  under §§ 502(a)(2) and (5) of the Employee Retirement Income

26  Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5),

27  has filed a Complaint against Defendants ULTRACARD, INC., a

28  Nevada corporation; DANIEL KEHOE, an individual; and the

*Consent Judgment & Order*                           Page 1 of 7

ULTRACARD, INC., 401(k) PLAN, an employee benefit plan (the "Plan").[1]

A. The parties admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B. Without admitting or denying the violations alleged in the Complaint, the parties agree to the entry of this Consent Judgment & Order. The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Defendant Ultracard, Inc. and Daniel Kehoe shall restore $33,829.25 in losses and lost opportunity costs to the Plan and its participants. The identified losses shall be restored to the Plan's participants in accordance with the terms set forth in Paragraph 6, *infra.*

2. Defendant Daniel Kehoe is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

3. Defendant Daniel Kehoe is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan subject to the exception set forth in Paragraph 5, *infra.*

4. Defendant Daniel Kehoe is hereby removed as a fiduciary

---

[1] The Plan is named in the Secretary's Complaint solely as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

to the Plan subject to the exception set forth in Paragraph 5, *infra*.

5. Defendant Daniel Kehoe shall remain a fiduciary of the Plan solely to the extent necessary to make distributions to the Plan's participants. Upon distribution of the Plan's assets to the eligible participants, Defendant Daniel Kehoe shall be removed from his position as fiduciary of the Plan.

6. Defendant Daniel Kehoe shall restore to the Plan the amount of $33,829.25 in losses as follows:

a. Defendant Daniel Kehoe shall remit $33,829.25 to a trust account in the name of "Ultracard Inc. 401k Plan" within sixty (60) days of entry of an Order to this Consent Judgment.

b. Within ten (10) days after Defendant Daniel Kehoe remits payment to the trust account as specified in Paragraph 6(a), *supra*, Defendant Daniel Kehoe will direct the distribution of that amount to the Plan's participants in the amount listed next to the name of each Plan participant in Exhibit A (attached hereto).

c. To the extent that any of the identified participants listed on Exhibit A cannot be located, Defendant Daniel Kehoe shall:

1) Establish an individual retirement account or annuity ("IRA") in the name of the missing participant for the amount listed;

2) Establish an interest-bearing federally-insured bank account in the name of the missing participant for the amount listed; OR

1    3)    Transfer the amount listed for the missing
2  participant to the appropriate state's unclaimed property fund.

3    4)    Within fifteen (15) business days of making the
4  payments/distributions/transfers set forth in Paragraph 6 (a)
5  through (c), *supra*, Defendant Daniel Kehoe shall provide to
6  Plaintiff a copy of both sides of the remittance check and
7  other appropriate evidence demonstrating that the
8  payment/distribution/transfer has been made.

9    7.    Defendant Daniel Kehoe hereby forfeits any interest he
10  may have in any amounts restored to the Plan as a result of this
11  Complaint and Consent Judgment & Order.  In addition, a spousal
12  waiver has been executed by any person who claims or who may
13  claim through Defendant Daniel Kehoe any interest in any amounts
14  restored to the Plan under this Complaint and Consent Judgment &
15  Order.  An executed copy of the spousal waiver, the terms of
16  which are incorporated into this Consent Judgment & Order by
17  reference, is attached as Exhibit B.

18    8.    The Secretary and Defendants shall each bear their own
19  costs, expenses, and attorneys' fees incurred to date in
20  connection with any stage of this proceeding, including but not
21  limited to attorneys' fees which may be available under the
22  Equal Access to Justice Act, as amended.

23    9.    Defendants expressly waive any and all claims of any
24  nature which they have or may have against the Secretary, the
25  Department of Labor, or any of its officers, agents, attorneys,
26  employees or representatives, arising out of or in connection
27  with the allegations contained in the Complaint on file in this

28

action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

10. Upon the restoration of $33,829.25 in losses, as outlined in Paragraph 6, *supra*, the Defendants shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1) in the amount of twenty percent of the applicable recovery amount, or $6,658.39 ("Penalty Amount"). The Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty days following payment as outlined in Paragraph 6, *supra*, Defendant Daniel Kehoe shall pay the Penalty Amount to the U.S. Department of Labor, by sending a certified or cashiers check payable to the United States Department of Labor (please write EBSA Case No. 70-011987(48) on the check) to:

Regular Mail
U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 70942
Charlotte, NC 28272-0942

For Overnight Courier (i.e., Federal Express)
U.S. Department of Labor
QLP Wholesale Lockbox NC0810
Lockbox #70942
1525 West WT Harris Blvd
Charlotte, NC 28262

11. All submissions to Plaintiff required by this Consent Judgment shall be sent to the following address:

Regional Director
Employee Benefits Security Administration
San Francisco Regional Office
90 7th Street, Suite 11300
San Francisco, CA 94103

12. Should Defendant Daniel Kehoe file for personal

bankruptcy at any time prior to the time at which all losses to the Plan have been restored or the required penalty has been paid as set forth in Paragraph 6 and 10, *supra*, he shall properly notice the Department of Labor of such filing.

13. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

15. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED.

Dated: 3/13/08       *Ronald M. Whyte*
                                     District Court Judge

Entry of this Consent Judgment is hereby consented to:

Dated: 3/3/2008

JONATHAN L. SNARE
Acting Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By _Cheryl L. Adams_

   Cheryl L. Adams
   Trial Attorney

Attorneys for the Plaintiff

Defendants consent to the entry of this Consent Judgment.

Dated: 12-9-09

Daniel Kehoe, in his
individual capacity and as
President of Ultracard, Inc.

# EXHIBIT A

## UltraCard, Inc. 401(k) Plan

| PARTICIPANT NAME | AMOUNT OWED FOR 401(k) DEFERRALS | Lost Interest Owed | Total Owed |
|---|---|---|---|
| Dafna Avinun | $1,114.52 | $559.12 | $1,673.64 |
| Karl A. Bergmann | $1,107.72 | $559.12 | $1,666.84 |
| Judy L. Burwell | $1,412.64 | $559.12 | $1,971.76 |
| Bert D. Cook, Jr. | $2,218.32 | $559.12 | $2,777.44 |
| Corrine T. Cox | $2,218.32 | $559.12 | $2,777.44 |
| Amelia Q. Ebreo | $1,358.32 | $559.12 | $1,917.44 |
| Kimberly Fahrenkrog | $1,900 | $559.12 | $2,459.12 |
| Samuel J. Falcone | $3,791.63 | $559.12 | $4,350.75 |
| Don Mann | $1,058.32 | $559.12 | $1,617.44 |
| Thomas R. Parkinson | $1,813.80 | $559.12 | $2,372.92 |
| John H. Rockdale | $1,808.32 | $559.12 | $2,367.44 |
| Mohamed Sheikh Yusuf | $600 | $559.12 | $1,159.12 |
| Ronald W. Sollenberger | $2,041.64 | $559.12 | $2,600.76 |
| Derek Yeo | $2,314.40 | $559.12 | $2,873.52 |
| George W. Zeissner | $684.42 | $559.20 | $1,243.62 |
| **Grand Total** | **$25,442.37** | **$8,386.88** | **$33,829.25** |

## WAIVER OF BENEFITS AND SPOUSAL CONSENT

I, Stephany Kehoe, am married to Daniel Kehoe, who is currently under investigation by the United States Department of Labor, and who is a participant in the ULTRACARD, INC., 401(k) RETIREMENT PLAN. In consideration of the Department of Labor's agreement to resolve its allegations against my spouse, and to the extent that my spouse opts to offset assets in his participant account in the ULTRACARD, INC., 401(k) RETIREMENT PLAN against his liability to the same, I renounce and agree not to pursue any claims or interest that may have accrued or vested to me, or may later accrue or vest to me in Daniel Kehoe's participant account as community property, as the spouse or beneficiary of Daniel Kehoe, or otherwise. I understand that as a result of my consent to this waiver, I may receive reduced benefits or distributions from Daniel Kehoe's participant account in the ULTRACARD, INC., 401(k) RETIREMENT PLAN.

Dated this _7th_ day of _December_ , 2007.

_Stephany Kehoe_

Stephany Kehoe

I, CHRISTINE L. ESTRADA, am a citizen of the United States of America and am over eighteen years of age. I am not a party to the within action; my business address is 90 7th Street, Suite 3-700 San Francisco, California 94103. On 3/4/08 , I served the within

**CONSENT JUDGEMENT & ORDER**

by placing a true copy thereof in a sealed government envelope with postage thereon, mailed in San Francisco, California, addressed to:

Donald Kehoe
P.O. Box 468
Bend, OR 97709

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 4, 2008.

Dated: 3/4/08

CHRISTINE L. ESTRADA
Legal Assistant


OFFICE OF THE SOLICITOR
UNITED STATES DEPARTMENT OF LABOR

Certificate of Service